**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phoenix 328 Apartments, LLC; and Glendale Manor Apartments,<br><br>    Plaintiffs/Counterdefendants,<br><br>v.<br><br>Janice Walker,<br><br>    Defendant/Counterclaimant. | No. CV-13-01802-PHX-GMS<br><br>**ORDER** |

This case involves an action for eviction against Defendant Janice Walker. Plaintiffs Phoenix 328 Apartments and Glendale Manor Apartments filed the special detainer action against Walker in the Maryvale Justice Court of Maricopa County pursuant to A.R.S. § 33-1377 on August 27, 2013. (Doc. 1-1 at 11–12.) Plaintiffs allege in their Complaint that Walker materially and irreparably breached her rental agreement with Plaintiffs when she falsified information on her rental application regarding her current address and prior eviction record in violation of A.R.S. § 33-1368. (*Id.* at 12.)

On September 3, 2013, Walker filed an answer and counterclaims in the state action alleging race and disability discrimination in violation of the Fair Housing Act (the "FHA"), 42 U.S.C. § 3604 and retaliation for opposing such discrimination. (*Id.* at 2–7.) She then removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a) and the violation of her civil rights pursuant to *id.* § 1443(1).[1]

---

[1] This is not the first time. Walker attempted to remove another special detainer action to this Court by asserting federal question jurisdiction. (*See* Doc. 6-9 at 2.) But that

(Doc. 1.)

Federal courts are courts of limited jurisdiction; they have subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). A party may remove an action from state court only if the action could have been brought in the district court originally. *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 747 (9th Cir. 1993). But the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Further, the removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

In removing this case, Walker asserts that the Court has federal question jurisdiction. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A case 'arises under' federal law . . . if 'a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertech. Inc.,* 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689–90 (2006)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Considering Plaintiffs' claims and allegations in their Complaint, this is a plain special detainer action arising entirely under state law, namely, A.R.S. § 33-1377. Further, there are no substantial questions of federal law that must be resolved in

---

attempt was unsuccessful and the case was remanded back to state court. (*Id.* at 3–4.)

determining whether Plaintiffs are entitled to relief in this landlord-tenant dispute. State law provides the claims and remedies to a landlord in circumstances where a tenant allegedly breached a rental agreement. *See id.* §§ 33-1368, 33-1377.

Walker also removes this case pursuant to 28 U.S.C. § 1443(1). "The Supreme Court, however, has given section 1443 a restrictive interpretation." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). To remove under that Section, Walker must demonstrate that: (1) as a defense to a civil action or prosecution, she has asserted "rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights"; and (2) "that the state court upholds a statute or constitutional provision that orders the state court not to enforce those federally protected civil rights." *Id.* (citing *Georgia v. Rachel,* 384 U.S. 780, 788–92, 794–804 (1966); *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824–28 (1966)). But Walker has not identified a relevant Arizona statute that would preclude her from asserting any of her federal civil rights or any federal statutory enactment protecting equal racial civil rights that the state court is refusing to enforce. Therefore, removal pursuant to 28 U.S.C. § 1443 is improper.

Walker's counterclaims against Plaintiffs of race and disability discrimination in violation of the FHA arise under federal law. Nevertheless, the assertion of federal counterclaims in an action alleging state law claims does not convert the action into one "arising under" federal law for purposes of federal question jurisdiction. *Caterpillar,* 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of *the plaintiff's* properly pleaded complaint.") (emphasis added); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). Hence, Walker has not shown that there is federal question jurisdiction in this case to serve as a basis for removal.

/ / /

1    **IT IS THEREFORE ORDERED** that this action is remanded for lack of subject matter jurisdiction. The Clerk of Court is directed to remand this action back to the Maryvale Justice Court of Maricopa County.

**IT IS FURTHER ORDERED** that Defendant's Motion to Proceed in Forma Pauperis (Doc. 3), is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand to State Court, (Doc. 6), is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Amended Counterclaim, (Doc. 7), is **denied as moot**.

Dated this 23rd day of September, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge